**Marlene CALDECOTT, as Administratrix of the Goods, Chattels and Credits which were of Arthur J. Caldecott, Deceased, Plaintiff,**

v.

**LONG ISLAND LIGHTING COMPANY, Defendant.**

**No. 65 Civ. 413.**

United States District Court
S. D. New York.
Jan. 22, 1969.

Harry H. Lipsig, New York City, for plaintiff; Joseph B. Castleman, New York City, of counsel.

Edward M. Barrett, New York City, for defendant; Francis J. Healey, Garden City, of counsel.

## MEMORANDUM

MacMAHON, District Judge.

Plaintiff brought this action seeking damages for her husband's wrongful death and for his conscious pain and suffering prior to his death. After deliberation, the jury concluded that a gas explosion in decedent's home caused his death and awarded a verdict of $150,000.00 for decedent's wrongful death and a verdict of $50,000.00 for his conscious pain and suffering. Defendant now moves under Rule 50, Fed.R.Civ.P., for judgment notwithstanding the verdict for conscious pain and suffering on the ground that there was no evidence to support the conclusion that decedent was conscious at all subsequent to the explosion and prior to his death. It moves, in the alternative, under Rule 59, Fed.R. Civ.P., for a new trial because of the excessiveness of the verdict for conscious pain and suffering.

■ The medical examiner's report, in evidence, indicated that the cause of death was asphyxiation due to carbon monoxide poisoning. That evidence supports a reasonable inference that death was not instantaneous and that decedent was conscious for a period of time prior to his death.

■■ Next, defendant contends that the verdict is excessive because, at best, conscious pain and suffering was "limited to but a few moments." An excessive verdict cannot stand. Lanfranconi v. Tidewater Oil Co., 376 F.2d 91 (2d Cir.), cert. denied 389 U.S. 951, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967). We must, therefore, decide whether the $50,000.00 the jury awarded for decedent's con-

scious pain and suffering was excessive. A verdict is excessive and must be set aside when its "amount is so high that it would be a denial of justice to permit it to stand." Dagnello v. Long Island R. R., 289 F.2d 797, 806 (2 Cir. 1961). We must, "in applying this standard * * * make a detailed appraisal of the evidence bearing on damages." Grunenthal v. Long Island R.R., 393 U.S. 156, 89 S.Ct. 331, 333, 21 L.Ed.2d 309 (1968).

■ The evidence here on conscious pain and suffering is limited to the medical examiner's report and the inferences which can be drawn from it. The report does not specify the length of time decedent lived subsequent to the explosion. Both parties agree that it was a short time.

Defendant cites many cases in which decedents who suffered much longer periods of conscious pain and suffering received much less in damages. Plaintiff cites no case in which a comparable period of suffering yielded so much. Plaintiff, however, points to the medical examiner's findings and argues that decedent must have suffered excruciating and intense pain from the second and third degree burns on his body and from those on his head which completely singed off his hair prior to a slow death by suffocation. This evidence was in no way contradicted by defendant and clearly supports the inference plaintiff urges.

Fixing damages is a function peculiarly for the jury. Death by fire is recognized as one of the cruelest and most painful deaths. In spite of the short duration of consciousness, we are unable to say, in light of the shrill intensity of the acute pain, that the jury's verdict is so high that permitting it to stand amounts to a denial of justice.

Accordingly, the motion for judgment notwithstanding the verdict or, in the alternative, for a new trial is denied.

So ordered.